IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION (DAYTON)

| | | |
|---|---|---|
| LONQUE WRIGHT<br>1964 Shaftesbury Road<br>Dayton, Ohio 45406, | ) )  ) ) | CASE NO.<br><br>JUDGE: |
| Plaintiff, | ) ) | |
| v. | ) ) | **COMPLAINT FOR DAMAGES**<br>**AND INJUNCTIVE RELIEF** |
| HOME RUN, INC.<br>1299 Lavelle Dr.<br>Xenia, Ohio 45385 | ) ) ) ) | **JURY DEMAND ENDORSED**<br>**HEREIN** |
| **Serve Also:**<br>Home Run, Inc.<br>c/o Henry F. Harlow<br>471 Silverwood Dr.<br>Kettering, Ohio 45429 | ) ) ) ) ) ) ) | |
| Defendant. | ) | |

Plaintiff, Lonque Wright, by and through undersigned counsel, as his Complaint against Defendant Home Run, Inc. ("Home Run"), states and avers the following:

## PARTIES AND VENUE

1. Wright is a resident of the city of Dayton, Montgomery County, Ohio.

2. At all times herein, Wright was acting in the course and scope of his employment.

3. Home Run is a domestic corporation that does business at 1964 Shaftesbury Road, Xenia, Greene County, Ohio 45385.

4. Home Run is and, at all times herein, was an employer within the meaning of R.C. § 4112.01 *et seq.*

5. This court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 in that Wright is alleging a Federal Law Claim under Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e.

6. All material events alleged in this Complaint occurred in Greene County, Ohio.

7. This Court has supplemental jurisdiction over Wright's state law claims pursuant to 28 U.S.C. § 1367 as Wright's state law claims are so closely related to his federal law claims that they form part of the same case or controversy under Article III of the United States Constitution.

8. Venue is proper in this Court pursuant to 28 U.S.C. § 1391.

9. Within 300 days of the conduct alleged below, Wright filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC"), Charge No. 532-2021-02062 against Home Run ("Wright EEOC Charge").

10. Wright dually filed the Wright EEOC Charge with the EEOC and the Ohio Civil Rights Commission.

11. On or about September 27, 2021, the EEOC issued a Notice of Right to Sue letter to Wright regarding the Charges of Discrimination brought by Wright against Home Run in the Wright EEOC Charge.

12. Wright received his Right to Sue letter from the EEOC in accordance with 42 U.S.C. § 2000e-5(f)(1), which has been attached hereto as Plaintiff's Exhibit A.

13. Wright has filed this Complaint within 90 days of the issuance of the Notice of Right to Sue letter.

14. Wright has properly exhausted his administrative remedies pursuant to 29 C.F.R. § 1614.407(b).

## **FACTS**

15. On or about November 30, 2020, Wright began working for Home Run.

16. Home Run employed Wright as a truck driver.

17. Wright is African American.

18. Brad Bradley was safety director for Home Run.

19. Bradley was not involved in the decision to hire Wright.

20. Bradley is Caucasian.

21. When Wright started working for Home Run, Home Run placed him in training.

22. Training at Home Run usually lasts for four weeks.

23. Caucasian employees who started around the same time as Wright were only kept in training for four weeks.

24. Home Run kept Wright in training for longer than four weeks.

25. Home Run stated that the reason for keeping Wright in training for longer than four weeks was that there was not a truck available for him.

26. During Wright's employment, Home Run did not keep any employees other than Wright in training for more than four weeks.

27. During Wright's employment, Home Run did not make any claims that Wright's performance was poor.

28. During Wright's employment, Home Run did not give any discipline to Wright.

29. On or about January 13, 2021, Home Run terminated Wright's employment ("Termination").

30. The Termination was an adverse employment action.

31. Bradley told Wright about the Termination via phone call ("Termination Call").

32. In the Termination Call, Bradley stated that the reason for the Termination was that Home Run's insurance would not cover Wright as a trainee.

33. During Wright's employment, Caucasian employees got into accidents.

34. During Wright's employment, Home Run did not terminate the employment of any Caucasian employees for getting into accidents.

35. Keith Taylor was Wright's trainer.

36. Taylor is Caucasian.

37. During Taylor's employment, Taylor got into at least three accidents.

38. Taylor is still employed by Home Run.

39. Home Run has a progressive disciplinary policy ("Discipline Policy").

40. A verbal warning is the lowest level of discipline in the Discipline Policy.

41. Wright did not receive a verbal warning before the Termination.

42. A written warning is a higher level of discipline than a verbal warning in the Discipline Policy.

43. Wright did not receive a written warning before the Termination.

44. A termination is the highest level of discipline in the Discipline Policy.

45. Home Run knowingly skipped progressive disciplinary steps in terminating Wright.

46. Home Run knowingly terminated Wright's employment.

47. Home Run knowingly took an adverse employment action against Wright.

48. Home Run knowingly took an adverse action against Wright.

49. Home Run intentionally skipped progressive disciplinary steps in terminating Wright.

50. Home Run intentionally terminated Wright's employment.

51. Home Run intentionally took an adverse employment action against Wright.

52. Home Run intentionally took an adverse action against Wright.

4

53. Home Run knew that skipping progressive disciplinary steps in terminating Wright would cause Wright harm, including economic harm.

54. Home Run knew that terminating Wright would cause Wright harm, including economic harm.

55. Home Run willfully skipped progressive disciplinary steps in terminating Wright.

56. Home Run willfully terminated Wright's employment.

57. Home Run willfully took an adverse employment action against Wright.

58. Home Run willfully took an adverse action against Wright.

59. Home Run gave Wright the Termination because of his race.

60. As a direct and proximate result of Home Run's conduct, Wright suffered and will continue to suffer damages, including economic, emotional distress, and physical sickness damages.

## COUNT I: RACE DISCRIMINATION IN VIOLATION OF TITLE VII

61. Wright restates each and every prior paragraph of this Complaint, as if it were fully restated herein.

62. Throughout his employment, Wright was fully competent to perform his essential job duties.

63. Home Run treated Wright differently than other similarly-situated employees based on his race.

64. Home Run violated Title VII by discriminating against Wright due to his race.

65. On or about January 13, 2021, Home Run terminated Wright without just cause.

66. At all times material herein, similarly-situated non-African-American employees were not terminated without just cause.

67. Home Run terminated Wright based on his race.

68. Home Run violated Title VII when it terminated Wright based on his race.

69. As a direct and proximate result of Home Run's conduct, Wright has suffered and will continue to suffer damages, including economic, emotional distress, and physical sickness damages.

## COUNT II: RACE DISCRIMINATION IN VIOLATION OF R.C. § 4112.01 *et seq.*

70. Wright restates each and every prior paragraph of this Complaint, as if it were fully restated herein.

71. Throughout his employment, Wright was fully competent to perform his essential job duties.

72. Home Run treated Wright differently than other similarly-situated employees based on his race.

73. Home Run violated R.C. § 4112.02(A) *et seq.* by discriminating against Wright due to his race.

74. On or about January 13, 2021, Home Run terminated Wright without just cause.

75. At all times material herein, similarly-situated non-African-American employees were not terminated without just cause.

76. Home Run terminated Wright based on his race.

77. Home Run violated R.C. § 4112.01 *et seq.* when it terminated Wright based on his race.

78. As a direct and proximate result of Home Run's conduct, Wright has suffered and will continue to suffer damages, including economic, emotional distress, and physical sickness damages.

## COUNT III: RACE DISCRIMINATION IN VIOLATION OF 42 U.S.C. § 1981

79. Wright restates each and every prior paragraph of this Complaint, as if it were fully restated herein.

80. Throughout his employment, Wright was fully competent to perform his essential job duties.

81. Home Run treated Wright differently than other similarly-situated employees based on his race.

82. On or about January 13, 2021, Home Run terminated Wright without just cause.

83. At all times material herein, similarly-situated non-African-American employees were not terminated without just cause.

84. Home Run terminated Wright based on his race.

6

85. Home Run violated 42 U.S.C. § 1981 when it terminated Wright based on his race.

86. As a direct and proximate result of Home Run's conduct, Wright has suffered and will continue to suffer damages, including economic, emotional distress, and physical sickness damages.

## **DEMAND FOR RELIEF**

WHEREFORE, Plaintiff Wright respectfully requests that this Honorable Court grant the following relief:

(a) Issue a permanent injunction:

    (i) Requiring Home Run to abolish discrimination, harassment, and retaliation;

    (ii) Requiring allocation of significant funding and trained staff to implement all changes within two years;

    (iii) Requiring removal or demotion of all supervisors who have engaged in discrimination, harassment, or retaliation, and failed to meet their legal responsibility to investigate complaints promptly and/or take effective action to stop and deter prohibited personnel practices against employees;

    (iv) Creating a process for the prompt investigation of discrimination, harassment, or retaliation complaints; and

    (v) Requiring mandatory and effective training for all employees and supervisors on discrimination, harassment, and retaliation issues, investigations, and appropriate corrective actions;

(b) Issue an order requiring Home Run to restore Wright to one of the positions to which he was entitled by virtue of his application and qualifications, and expunge his personnel file of all negative documentation;

(c) An award against Defendant of compensatory and monetary damages to compensate Wright for physical injury, physical sickness, lost wages, emotional distress, and other consequential damages, in an amount in excess of $25,000 per claim to be proven at trial;

(d) An award of punitive damages against Defendant in an amount in excess of $25,000;

(e) An award of reasonable attorneys' fees and non-taxable costs for Wright claims as allowable under law;

(f) An award of the taxable costs of this action; and

(g) An award of such other relief as this Court may deem necessary and proper.

Respectfully submitted,

*/s/ Trisha Breedlove*
Trisha Breedlove (0095852)
Paul Filippelli (0097085)
**THE SPITZ LAW FIRM, LLC**
1103 Schrock Road, Suite 307
Columbus, Ohio 43229
Phone: (216) 291-4744
Fax: (216) 291-5744
Email: trisha.breedlove@spitzlawfirm.com
Email: paul.filippelli@spitzlawfirm.com
*Attorneys for Plaintiff Lonque Wright*

## JURY DEMAND

Plaintiff Wright demands a trial by jury by the maximum number of jurors permitted.

*/s/ Trisha Breedlove*
Trisha Breedlove (0095852)
Paul Filippelli (0097085)